UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KAREN BOCKS,

    Plaintiff,

v.                                                                             Case No. 1:17-cv-988
                                                                             Hon. Ray Kent

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

**OPINION**

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of the July 20, 2016 decision of the Commissioner of the Social Security Administration (Commissioner) determining that plaintiff was overpaid benefits in the amount of $16,549.00 during the period of July 1, 2009 to January 1, 2011.

    **I.**    **Background**

The administrative law judge (ALJ) summarized the procedural background of this matter as follows:

> The claimant is an individual who began receiving disability insurance benefits on August 24, 2012. On April 13, 2014, the Social Security Administration issued a notice informing the claimant that she was overpaid Title II benefits in the amount of $16,549.00 from July 1, 2009 to January 1, 2011. The Notice indicated the claimant received duplicate payments from June 2009 through December 2010 since she was receiving full benefits under two records. The notice stated that once the claimant became entitled to benefits on her own record, the benefits she was receiving on her deceased husband's record should have been reduced as discussed above.
>
> On October 6, 2014, the claimant requested waiver of the overpayment, stating that she was not at fault in causing the overpayment. The field office denied

1

the claimant's request for waiver and on November 17, 2014, the claimant filed a request for reconsideration and a personal conference, disputing the facts and the amount of the overpayment. The claimant's request for reconsideration was denied on March 4, 2015. Thereafter, the claimant filed a written request for hearing on March 20, 2015 (20 CFR 404.929 *et seq.*).

PageID.36.

## II. LEGAL STANDARD

This Court's review of the Commissioner's decision is typically focused on determining whether the Commissioner's findings are supported by substantial evidence. 42 U.S.C. § 405(g); *McKnight v. Sullivan*, 927 F.2d 241 (6th Cir. 1990). "Substantial evidence is more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Secretary of Health & Human Services*, 25 F.3d 284, 286 (6th Cir. 1994). A determination of substantiality of the evidence must be based upon the record taken as a whole. *Young v. Secretary of Health & Human Services*, 925 F.2d 146 (6th Cir. 1990).

The scope of this review is limited to an examination of the record only. This Court does not review the evidence de novo, make credibility determinations or weigh the evidence. *Brainard v. Secretary of Health & Human Services*, 889 F.2d 679, 681 (6th Cir. 1989). The fact that the record also contains evidence which would have supported a different conclusion does not undermine the Commissioner's decision so long as there is substantial support for that decision in the record. *Willbanks v. Secretary of Health & Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). Even if the reviewing court would resolve the dispute differently, the Commissioner's decision must stand if it is supported by substantial evidence. *Young*, 925 F.2d at 147.

## III. ALJ's DECISION

The ALJ made five findings in this case.

First, plaintiff was overpaid benefits in the amount of $16,549.00 during the period July 1, 2009 to January 1, 2011 (20 C.F.R. § 404.504). PageID.38. Plaintiff began receiving benefits as a dependent spouse under her husband's account in 1995. *Id*. In June 2010, plaintiff filed a claim for Title II benefits under her own account. *Id*. On July 31, 2012, an ALJ issued a decision finding plaintiff disabled since her amended disability onset of January 1, 2009. *Id*. The agency paid plaintiff $27,251.00 for past benefits due on her own record for the period of June 2009 through July 2012, after deducting $6,000.00 in attorney fees. *Id*. Plaintiff received duplicate payments from June 2009 through December 2010 in the amount of $19,133.00, i.e., she received her full monthly payment of $1,007.00 as a dependent spouse in addition to her own benefits. When plaintiff became eligible for benefits on her own record, her payment as a dependent spouse should have been reduced to a monthly payment of $136.00 pursuant to 20 C.F.R. §§ 404.401(a)(3) and 404.407. *Id*. Based on this record, plaintiff was overpaid $16,549.00 for the dependent spouse claim. *Id*.

Second, plaintiff was not at fault in causing the overpayment (20 C.F.R. §§ 404.506(a), 404.507, and 404.510a). PageID.38. The ALJ found that:

> Based on the evidence of record, it appears the claimant is without fault for the overpayment. While the Regulations (20 CFR 404.401(a)(3) and 404.407) indicate a benefit should be reduced when receiving payments on multiple records, the August 18, 2012 Notice of Award is not entirely clear about such requirement and it would not necessarily be expected of the claimant to question the amount of her back payment on her own account (Ex. 2). Furthermore, the record indicates the claimant has mental limitations that may impact her ability to recognize the need to adjust her benefits.

PageID.38.

Third, recovery of the overpayment does not defeat the purpose of Title II of the Act (20 C.F.R. §§404.508(a) and (b)). PageID.38. The ALJ explained his determination as follows:

> Recovery of an overpayment will defeat the purpose of [T]itle II of the Social Security Act if recovery would deprive the person of income required for ordinary and necessary living expenses (GN 02250.100). Such deprivation would occur when the person does not have any of the overpaid funds in her possession when notified of the overpayment and the person receives case public assistance; or needs substantially all current income to meet ordinary and necessary living expenses and recovery would reduce assets below the levels specified in GN 02250.115A.4. (*Id.*). In applying the *Defeat the Purpose* provisions, a person's entire financial situation must be evaluated when making a defeat the purpose finding (GN 02250.115). A person's entire financial situation must be evaluated when making a defeat the purpose finding and defeat the purpose may be found if recovery reduces assets to below: $3,000 for a person without dependents, or $5,000 for a person with one dependent, plus $600 for each additional dependent (GN 02250.115(A)(4)).

PageID.38-39.

After reviewing evidence of plaintiff's financial condition, the ALJ concluded that plaintiff had sufficient funds to return the overpayment:

> Prior to the hearing, the claimant provided an updated financial statement (Ex. 37). She reported having $1,500 in a savings account; $16,000 in a trust account; two vehicles worth approximately $5,000 and $1,500; and a total household income of $3,848 (Ex. 37, pages 4-5). While the claimant reported monthly household expenses of $3,822.00, the claimant listed $390 for car operation and maintenance and $150 for condo repairs (Ex 37, page 6). At hearing, Ms. Holwerda [Hoerta] [plaintiff's representative payee since March 2015] testified that this money is held in reserve for future repairs and expenses and currently the future needs fund contained $1,500. Given this information, I find that the claimant has the ability to repay the overpayment and repayment would not defeat the purposes given the total amount of the claimant's assets. The claimant's assets exceed $5,000 plus $600 for each additional dependent.

PageID.39. *See also* PageID.219-220.

Fourth, recovery of the overpayment would not be against equity and good conscience (20 C.F.R. 404.509). PageID.39. Because plaintiff contests the decision on the basis that repayment would be against equity and good conscience, the Court will set forth the ALJ's entire discussion of that matter:

> While it appears the claimant is capable of repaying the overpayment, there is also consideration of when recovery is deemed against equity and good

4

conscience. The policy states that recovery is again[st] equity and good conscience when a beneficiary, relying on benefit payments or notice that such payments would be made, relinquished a valuable right or change his/her position for the worse; or a contingently liable beneficiary was living in a separate household from the overpaid person at the time of the overpayment and did not receive the overpayment (GN 02250.150). The policy states there are special circumstances that in without fault situations, recovery is deemed against equity and good conscience when there is: 1) misunderstanding about allowable wage earnings; 2) reliance on misinformation from an official source; and 3) earnings prior to the first month of entitlement (GN 02250.160(A)). However, none of these situations are present in in this case. The overpayment was not created out of wage earnings and there is no evidence of the claimant's "reliance on misinformation from an official source." Pursuant to GN 02250.061 - Misinformation from an official source, a person is only misinformed when she actively sought information which subsequently proved to be incorrect.

      The overall evidence submitted by the claimant shows she is capable of paying the overpayment. Additionally, it does not appear that recovery is deemed against equity and good conscience. There is no evidence that the claimant relinquished a valuable right or changed her position for the worse after receiving her benefit. Furthermore, the special situations described above do not apply.

PageID.39-40.

Fifth, recovery of the overpayment is not waived, and the plaintiff is liable for repayment of $16,549.00 during the period July 1, 2009 to January 1, 2011 (20 C.F.R. § 404.506). PageID.40.

## IV.    DISCUSSION

Plaintiff set forth one issue on appeal. After the briefing was completed, the Court allowed plaintiff to file a supplemental brief raising a constitutional issue regarding the legal authority of the ALJ to act in this matter. The Court will address the constitutional issue first.

### A.    The ALJ was appointed in an unconstitutional manner

Plaintiff contends that this case should be remanded because the ALJ who presided over her case was not properly appointed pursuant to the Appointments Clause of the United States Constitution, citing *Lucia v Securities and Exchange Commission*, -- US --; 138 S. Ct. 2044 (June

21, 2018), which held that the ALJ's employed by the Securities and Exchange Commission (SEC) to hear disputes were appointed in an unconstitutional manner. Specifically, the ALJs of that agency had to be appointed by the President, Courts of Law, or Heads of Departments in the manner set forth in the Appointments Clause. *Id*.at 2049-55. Absent such appointment, the ALJs employed by the SEC lacked the authority to perform their assigned tasks. *Id*. at 2049-55. Plaintiff contends that the reasoning in *Lucia* applies here, and that the ALJ in this case lacked authority to perform his assigned task.

Plaintiff did not raise this issue during the administrative appeal. For this reason, her claim is not before the Court. In *Pugh v. Commissioner of Social Security*, No. 1:18-cv-78, 2018 WL 7572831 (W.D. Mich. Nov. 8, 2018), this Court concluded that a Social Security claimant who did not challenge the constitutional authority of an ALJ during the administrative proceedings cannot make such a challenge for the first time in an appeal brought pursuant to 42 U.S.C. 405(g):

> In *Lucia*, the Court reiterated that "one who makes a timely challenge to the constitutional validity of the appointment of an officer who adjudicates his case is entitled to relief." *Lucia*, 138 S.Ct. at 2055. The Court found that Lucia was entitled to relief because he timely challenged the appointment of the ALJ hearing his case by asserting such during the administrative process before the SEC. *Ibid*. Lower federal courts have subsequently concluded that, based on *Lucia*, a Social Security claimant must raise the ALJ appointment issue before the Social Security Administration, otherwise such is untimely and, therefore, waived. *See, e.g.*, *Thurman v. Commissioner of Social Security*, 2018 WL 4300504 at *9 (N.D. Iowa, Sept. 10, 2018); *Garrison v. Berryhill*, 2018 WL 4924554 at *2 (W.D.N.C., Oct. 10, 2018); *Davidson v. Commissioner of Social Security*, 2018 WL 4680327 at *1 (Sept. 28, 2018).
>
> These decisions are persuasive and consistent with the express holding in *Lucia*. Plaintiff does not allege that she raised the ALJ appointment issue before the Commissioner. Instead, Plaintiff has asserted such for the first time in this Court. Accordingly, the Court finds that Plaintiff has waived any argument pertaining to the constitutionality of the appointment of the ALJ who resolved her claim for benefits. Plaintiff's motion is, therefore, denied.

*Pugh*, 2018 WL 7572831 at *1. For these reasons, plaintiff's claim is denied.

> **B. Should plaintiff receive a waiver of an overpayment when the overpayment arose from an error by the Social Security Administration for which she is not at fault and which deems recovery to be against equity and good conscience?**

Under the Social Security Act, "[w]henever the Commissioner of Social Security finds that more or less than the correct amount of payment has been made to any person under this subchapter, proper adjustment or recovery shall be made, under regulations prescribed by the Commissioner of Social Security." 42 U.S.C. § 404(a)(1). An "overpayment" can occur when an individual receives a benefit payment while failing to meet one or more requirements for entitlement to such payment. *See* 20 C.F.R. § 404.510a. "In any case in which more than the correct amount of payment has been made, there shall be no adjustment of payments to, or recovery by the United States from, any person who is without fault if such adjustment or recovery would defeat the purpose of this subchapter or would be against equity and good conscience." 42 U.S.C. § 404(b)(1).

Plaintiff's statement of error appears to conflate the preliminary finding that she was "without fault" for the overpayment with the later finding that it would not be against "equity and good conscience" to require her to repay the money. The fact that plaintiff did not cause the error does not absolve her from returning the erroneous overpayment. In addition, it is undisputed that plaintiff has sufficient funds to repay the money. The only issue before the Court is whether requiring plaintiff to repay the money would be against "equity and good conscience" under the Act and regulations.

> Recovery of an overpayment is against equity and good conscience where the individual "changed his or her position for the worse . . . or relinquished a valuable right . . . because of reliance upon a notice that a payment would be made or because of the overpayment itself . . . ." 20 C.F.R. § 404.509(a)(1). A claimant may also demonstrate that recovery of an overpayment is against equity and good

7

conscience where the individual "accepts such overpayment because of reliance on erroneous information from an official source within the Social Security Administration . . . with respect to the interpretation of a pertinent provision of the Social Security Act or regulations pertaining thereto . . . ." *Id.* §§ 404.510a; 404.512. Individual financial circumstances "are not material to a finding of against equity and good conscience." *Id*. § 404.509(b).

*Valley v. Commissioner of Social Security*, 427 F.3d 388, 392-93 (6th Cir. 2005).

Plaintiff contends that making her repay the money would be against "equity and good conscience" because she relied on erroneous information from an official source. Specifically, plaintiff contends that the Notice of Award provided "misinformation" because it erroneously calculated the amount of her past benefits. Plaintiff's Brief (ECF No. 11, PageID.245). Plaintiff's summarized her claim as follows:

> To explain its reasoning, POMS GN 02250.150 contains illustrative examples. Example no. 4 describes a person who retires and is improperly told that his earnings would not reduce his benefits. His earnings create an overpayment for which he seeks a waiver. His file shows documentation that he had been misinformed about the effects of earnings on his benefit amount. As he is without fault for relying on incorrect information from an official source within the SSA, recovery is deemed to be against equity and good conscience.
>
> That is the same situation as Ms. Bocks. She was told she was entitled to receive disability benefits without being told that earlier Survivor's benefits would affect the amount of her check in the first 18 months of her disability. She was without fault in creating the misinformation and recovery is deemed to be against equity and good conscience.

PageID.246. Plaintiff does not claim that any of the other "equity and good conscience" exceptions apply, e.g., there is no evidence that plaintiff changed her position for the worse or relinquished a valuable right because of reliance on the Notice of Award or receipt of the overpayment.

Plaintiff's claim is without merit. To obtain a waiver of repayment on the basis of "misinformation," a claimant "is only misinformed when she actively sought information which

subsequently proved to be incorrect." PageID.40 citing POMS GN 02250.061.[1] Defendant points out that the Notice of Award was not an overpayment which resulted from plaintiff actively seeking information from an official source which later proved to be incorrect. Defendant points out that all claimants must file an application to obtain benefits, *see* 20 C.F.R. § 404.603, and that the act of applying for benefits is not the same as seeking information about benefits that have been awarded.

Plaintiff cites no statutory or regulatory authority for the propostion that a claimant who receives an overpayment due to an erroneous calculation in the Notice of Award is entitled to keep that overpayment based on the "misinformation" exception. The Notice of Award is correspondence which sets forth the claimant's entitlement to benefits. PageID.54-60. In *Valley*, the Sixth Circuit held that correspondence which outlined the plaintiff's entitlement to benefits and a benefits increase did not constitute an "interpretation of a pertinent provision of the Social Security Act or regulations pertaining thereto" for purposes of the "equity and good conscience" exception. *Valley*, 427 F.3d at 392-93. "If these documents—obviously form letters—constituted official interpretation of the statute or regulations sufficient to trigger the good conscience exception to repayment, virtually every Social Security benefit recipient would be entitled to waiver of repayment assuming they received benefits of any kind and a letter describing those benefits." *Id.* at 393. *See also*, *Broeckert v. Sullivan*, 751 F. Supp. 1361, 1362-63 (W.D. Wis. 1990) (rejecting the plaintiff's argument that benefit statements received with checks constituted "erroneous information from an official source within the Social Security Administration with respect to the interpretation of a pertinent provision of the Social Security Act or regulations

---

[1] "[T]he POMS is a policy and procedure manual that employees of the Department of Health & Human Services use in evaluating Social Security claims. *Davis v. Secretary of Health and Human Services*, 867 F.2d 336, 340 (6th Cir. 1989). While the POMS "does not have the force and effect of law, it is nevertheless persuasive." *Id.*

pertaining thereto"; the court concluded that "Benefit statements routinely sent with benefit checks cannot reasonably be classified as an interpretation of the Act or its regulations. Indeed, if this interpretation were applied it would virtually eliminate the right of the government to ever recover benefit overpayments. Plaintiff's interpretation is unreasonable."). For these same reasons, it is unreasonable to accept plaintiff's interpretation that a miscalculation in a Notice of Award is misinformation from an official source sufficient to trigger the good conscience exception to repayment.

Finally, plaintiff's reliance on Example No. 4 is misplaced. The example involves a retired person who was improperly told by the agency that his earnings would not reduce his benefits. When his earnings created an overpayment, he received a waiver because the agency provided misinformation about the effect of future earnings on his benefit amount. Plaintiff's claim involves an entirely different situation.

For all of these reasons, plaintiff's claim of error is denied.

## IV. CONCLUSION

The ALJ's determination is supported by substantial evidence. The Commissioner's decision will be **AFFIRMED** pursuant to 42 U.S.C. § 405(g). A judgment consistent with this opinion will be issued forthwith.

Dated: March 29, 2019 /s/ Ray Kent
United States Magistrate Judge